# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CR-02-74-JHP |
| RUSTY DEVOY WASHINGTON, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's *pro se* Motion for A Speedy Trial or Dismissal of Charges.[1] The Court ordered and received the Government's Response to this Motion.[2] Upon review of Defendant's Motion and relevant case law, Defendant's Motion is **DENIED**.

## BACKGROUND

Defendant was charged by Complaint on August 28, 2002, with various drug offenses.[3] On October 21, 2002, Defendant entered a plea of guilty to the charges and waived jury trial.[4] Defendant was sentenced on January 8, 2003, with his Judgment and Commitment entered on January 15th, to a 63-month term of imprisonment and a four-year term of supervised release.[5] In August 2007,

---

[1] Docket No. 47.

[2] Docket No. 50.

[3] *See generally,* Complaint, Docket No. 1.

[4] Docket No.'s 16, 17.

[5] *See* Judgment and Commitment, Docket No. 21.

1

while on supervised release, a warrant was issued for Defendant's arrest.[6] After waiving preliminary hearing on an application to Permit Revocation of Conditional Release, a Final Revocation Hearing was conducted by this Court on December 20, 2007.[7] On January 4, 2008, Defendant was revoked and sentenced to 12 months in custody and 24 months of supervised release.[8]

On April 4, 2010, the United States Probation and Parole Office for the Eastern District of Oklahoma issued a Report on Offender Under Supervision finding defendant non-compliant with the terms of his supervised release.[9] Probation and parole requested no action be taken at that time, to which the Court concurred on April 26, 2010.[10]

On August 16, 2010, Defendant was convicted in Carter County, Oklahoma on charges of distribution of a controlled dangerous substance and trafficking in illegal drugs.[11] Defendant was sentenced to five years on the distribution charge and ten years on the trafficking charge, sentences to run consecutively, and is currently in the custody of the Oklahoma Department of Corrections.[12] On October 1, 2010, the United States Probation and Parole Office for the Eastern District of Oklahoma, in a sealed Petition, requested that Defendant's supervised release be revoked.[13] That

---

[6] Docket No. 24.

[7] *See* Docket No.'s 32, 35, and 39.

[8] Judgment and Comittment, Docket No. 40.

[9] *See* Docket No. 44.

[10] *Id.*

[11] Sealed Petition for Warrant or Summons for Offender Under Supervision at 1, Docket No. 45.

[12] *Id.*

[13] *Id.*

same day a sealed warrant was issued for Defendant's arrest.[14] Defendant filed the instant Motion for Speedy Trial on November 7, 2011.[15]

**DISCUSSION**

There are no federal indictments or complaints pending against Defendant. The only federal action has been the October 1, 2010 revocation petition and arrest warrant. The Court assumes Defendant's Motion was likely filed in response to a detainer lodged with the Oklahoma Department of Corrections by federal authorities as a result of the 2010 warrant. However, Defendant's Motion contains no legal or factual argument and is merely a fill-in-the-blank form. Defendant's Motion clearly assumes that revocation actions implicate his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161–74.[16] Defendant's assumption is incorrect.

Although the Speedy Trial Act applies to defendants arrested for a new offense, it does not apply to the lodging of detainers.[17] Because Defendant is not currently in federal custody, he does not have a right to a revocation hearing or otherwise a "speedy trial" on this issue.[18] Any hearing

---

[14]Sealed Warrant at 1, Docket No. 46

[15]Motion for Speedy Trial or Dismissal of Charges at 1, Docket No. 47.

[16]*Id.* (citing "charges of Federal Probation/Supervised release violation warrant" and stating that "She/he has not been tried on these charges"). Defendant's Motion incorrectly cites "18 U.S.C.A. 3116" which deals with the records of an examining Magistrate Judge. The court assumes, based on the caption of the Motion, that Defendant intended to cite 18 U.S.C. §3161.

[17]*See Moody v. Daggett*, 429 U.S. 78, 86-87 , 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (stating warrant and detainer did no more than express intent to defer consideration of revocation to later date); *United States v. Bagster*, 915 F.2d 607, 609–11 (10th Cir.1990) (holding a person is not "arrested in connection with" a charge, within meaning of §3161(b) of the Speedy Trial Act, unless there is (1) a pending federal complaint and (2) federal custody based on that complaint).

[18]*United States v. Fay*, 547 F.3d 1231, 1236 (10th Cir.2008) (*citing United States v. Romero,* 511 F.3d 1281 (10th Cir.2008) ("[P]arolees do not have a right to an immediate parole

for revocation of supervised release for which an arrest warrant and detainer was issued may await completion of Defendant's state sentence without violating his constitutional rights.[19] Accordingly, Defendant is not entitled to a revocation hearing until after completion of his state sentence when he is taken into federal custody on the arrest warrant.[20]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for a Speedy Trial or Dismissal of Charges is **DENIED**.[21]

**IT IS SO ORDERED this 27th day of April, 2012.**

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

revocation hearing until they are actually taken into custody"); *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633–34 (10th Cir.1991).

[19]*Moody,* 429 U.S. at 89 (holding no constitutional duty to provide defendant an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant).

[20]*Id.; McDonald*, 955 F.2d at 631.

[21]Docket No. 47.

4